UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,   Case No. 2:23-mc-50094

    Applicant,   HONORABLE STEPHEN J. MURPHY, III

v.

FERRELLGAS, L.P.,

    Respondent.
_____/

**OPINION AND ORDER GRANTING
APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN
<u>ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED [1]</u>**

Applicant Equal Employment Opportunity Commission (EEOC) received a charge of discrimination from a woman named April Wells. ECF 3, PgID 50. Wells alleged that Respondent Ferrellgas, L.P.,[1] had discriminated against her by not hiring her for a driver position based on her race and sex. *Id.* After Respondent declined to respond to an information request, ECF 2-5, PgID 35–36, the EEOC issued a subpoena for the following information:

> For each Driver hired on or after 1/1/19 as listed on "item 3" of your response dated 1/5/22 (the chart listing drivers hired in the East Lansing District between 1/1/17 and 8/31/20). Please provide the following:
>
>     a. A list of all applicants who applied for each driver position;
>
>     b. The application materials submitted by all applicants for each position, including resumes, applications, last known contact

---

[1] Respondent is a propane distribution company located in Belleville, Michigan. ECF 1, PgID 2.

1

>   > information and/or any other documents showing qualifications;
>   >
>   > c. A list of all applicants selected for an interview;
>   >
>   > d. The name and title of each Respondent employee who conducted interviews for the driver position from 1/1/19 through 1/5/22[.]

ECF 2-7, PgID 39.

Respondent declined to produce the information because the subpoena was unsigned, "overly broad, unduly burdensome, and not relevant to the matters arising from Ms. Wells' Charge." ECF 2-4, PgID 33. Respondent claimed that "it would take at least two weeks of someone working full-time on this project to complete this task. [Respondent] does not have the ability to spare an employee full time for two weeks to pull records." *Id.* at 34. Last, Respondent argued that it had "wanted to hire Ms. Wells" but had not done so because she had "not be[en] truthful about her criminal history." *Id.*

The EEOC issued a signed subpoena. ECF 2-1, PgID 26–27. Respondent again declined to respond, stating that it had "previously sent [] the response" and that it "object[ed] to the current scope" of the subpoena. ECF 2-3, PgID 31. The EEOC then filed the present application for an order to show cause why the subpoena should not be enforced. ECF 1. The Court will grant the application for two reasons.

First, Respondent forfeited its right to challenge the subpoena. Under 29 C.F.R. § 1601.16(b)(1), "[a]ny person served with a[n EEOC] subpoena who intends not to comply shall petition the issuing director to seek its revocation or modification." Such petitions must be filed "within five days . . . after service of the subpoena." *Id.*

2

Here, Respondent did not file a petition to revoke or modify the subpoena within five days of service of the subpoena. *See* ECF 2-2, PgID 30 (signed subpoena served on Respondent on December 7, 2022). Respondent thus forfeited its right to challenge the subpoena. *See* 29 C.F.R. § 1601.16(d).

Second, Respondent failed to present a basis for not enforcing the subpoena. "A subpoena enforcement proceeding is a summary process designed to decide expeditiously whether a subpoena should be enforced." *Equal Emp. Opportunity Comm'n v. United Parcel Serv., Inc.*, 859 F.3d 375, 378 (6th Cir. 2017) (quotation omitted). In reviewing a subpoena enforcement application, a court must "satisfy itself (1) that the charge is valid, (2) that the material requested is relevant to the charge . . . and, (3) more generally, to assess any contentions by the employer that the demand for information is too indefinite or has been made for an illegitimate purpose." *Univ. of Pa. v. E.E.O.C.*, 493 U.S. 182, 191 (1990) (alterations omitted). Simply put, the application satisfied all three elements.

For one, the charge at issue is valid and the EEOC was authorized to investigate it. The EEOC received the charge from Wells, who alleged that Respondent had discriminated against her based on her race and sex. ECF 3, PgID 50. And Congress has authorized the EEOC to subpoena evidence in furtherance of an investigation of a charge of discrimination. *See* 42 U.S.C. § 2000e-8(a); 29 U.S.C. § 161(1) (incorporated into Title VII by 42 U.S.C. § 2000e-9). The EEOC was therefore authorized to issue a subpoena to further its investigation of the valid charge received from Wells.

3

For another, the material requested in the subpoena is relevant to the charge. "Since the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer." *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 68–69 (1984) (quotation omitted). The EEOC is not required to present a "specific reason for disclosure" of the requested information. *Univ. of Pa.*, 493 U.S. at 194.

The charge alleged race and sex discrimination. ECF 3, PgID 50. The subpoena requested a range of hiring information for all driver position applicants since January 1, 2019. ECF 2-7, PgID 39. Simply put, that information is relevant to the charge because it might cast light on the allegations Wells brought against Respondent. Indeed, information about the applications for each driver position could "provide[] context for determining whether discrimination has taken place." *E.E.O.C. v. Roadway Exp., Inc.*, 261 F.3d 634, 639 (6th Cir. 2001) (citation omitted) (holding that a request for information about patterns of alleged discrimination in employment processes was relevant to the charge of discrimination in hiring). In sum, the material requested in the subpoena is relevant to the charge.

Last, Respondent failed to show that the subpoena was indefinite or made for an illegitimate purpose. Respondent "object[ed] to the current scope" of the signed subpoena, ECF 2-3, PgID 31, but the subpoena requested information from January 2019 through August 2020, a period much shorter than other periods upheld by the Sixth Circuit. *See Roadway*, 261 F.3d at 641–42 (allowing the EEOC to seek

4

information for period beyond that alleged in the charge, including after its filing); *E.E.O.C. v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994) (allowing the EEOC to seek information about all other employees for three years and 300 days before the date of the charge). Here, the information requested in the subpoena was tailored to the job Wells applied for. *See* ECF 2-7, PgID 39. And Respondent failed to provide any explanation for why it objected to the scope of the subpoena. *See* ECF 2-3, PgID 31. Thus, Respondent failed to show that the subpoena was indefinite.

What is more, no evidence suggests the subpoena was issued for an illegitimate purpose. As explained, Congress has authorized the EEOC to subpoena evidence in furtherance of an investigation based on a charge of discrimination. *See* 42 U.S.C. § 2000e-8(a); 29 U.S.C. § 161(1). And Respondent offered no arguments or evidence suggesting that the subpoena was made for an illegitimate purpose. *See* ECF 2-3, PgID 31 (arguing only that the subpoena was burdensome and irrelevant to the charge). Taken together, the evidence does not suggest that the subpoena was issued for an illegitimate purpose.

In sum, the application is valid and Respondent failed to show any reason why it should not be enforced. The Court will therefore grant the application for an order to show cause as to why the subpoena should not be enforced and order Respondent to show cause no later than February 24, 2023 why the subpoena should not be enforced.

**WHEREFORE**, it is hereby **ORDERED** that the application for an order to show cause as to why the subpoena should not be enforced [1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondent must **SHOW CAUSE no later than February 24, 2023** why the subpoena should not be enforced.

SO ORDERED.

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: February 15, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 15, 2023, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager