UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,           Case No. 2:23-mc-50094

    Applicant,                            HONORABLE STEPHEN J. MURPHY, III

v.

FERRELLGAS, L.P.,

    Respondent.
_____/

## OPINION AND ORDER ENFORCING SUBPOENA

Applicant Equal Employment Opportunity Commission (EEOC) applied for an order to show cause for why an administrative subpoena should not be enforced against Respondent Ferrellgas, LP.[1] ECF 1. The Court granted the application and ordered Respondent to show cause no later than February 24, 2023. ECF 5. Respondent responded to the show cause order and argued that the Court should not enforce the subpoena. ECF 7. For the following reasons, the Court will enforce the subpoena.[2]

## BACKGROUND

April Wells began working for Respondent at its Belleville, Michigan location on December 23, 2019. ECF 7-3, PgID 91. But Respondent fired Wells on December

---

[1] Respondent is a propane distribution company located in Belleville, Michigan. ECF 1, PgID 2.
[2] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

30, 2019. *Id.* at 92. Respondent claimed it terminated Wells's employment because she had failed to disclose two misdemeanor convictions on her criminal record. *Id.*

Wells filed a charge of discrimination with the EEOC. ECF 3, PgID 50. She alleged that Respondent discriminated against her by not hiring her for certain positions based on her race and sex, paying her less than her male counterparts, and discharging her because of her race and sex. *Id.*

After Respondent declined to respond to an information request, ECF 2-5, PgID 35–36, the EEOC issued a subpoena on October 11, 2022 for the following information:

> For each Driver hired on or after 1/1/19 as listed on "item 3" of your response dated 1/5/22 (the chart listing drivers hired in the East Lansing District between 1/1/17 and 8/31/20). Please provide the following:
>
> a. A list of all applicants who applied for each driver position;
>
> b. The application materials submitted by all applicants for each position, including resumes, applications, last known contact information and/or any other documents showing qualifications;
>
> c. A list of all applicants selected for an interview;
>
> d. The name and title of each Respondent employee who conducted interviews for the driver position from 1/1/19 through 1/5/22[.]

ECF 2-7, PgID 39; *see* ECF 1, PgID 2. Respondent declined to produce the information because the subpoena was "unsigned," "overly broad, unduly burdensome, and not relevant to the matters arising from Ms. Wells'[s] Charge." ECF 2-4, PgID 33.

The EEOC issued a signed subpoena on November 2, 2022. ECF 2-1, PgID 26–27. Respondent again declined to respond, stating that it had "previously sent [] the

response" and that it "object[ed] to the current scope" of the subpoena. ECF 2-3, PgID 31.

In the meantime, Wells filed a separate collective action lawsuit in federal court against Ferrellgas, Inc., on December 13, 2022 and alleged violations of the Equal Pay Act and the Michigan Elliot-Larsen Civil Rights Act. ECF 7-13, PgID 143–51. Separately, the EEOC applied for an order to show cause in the present case for why the subpoena should not be enforced. ECF 1. The EEOC argued that Respondent had waived the right to challenge enforcement of the subpoena, that the subpoena was valid, that complying with the subpoena would not impose an undue burden, and that the information which the subpoena sought is relevant to the EEOC's investigation. *Id.* at 22.

The Court granted the application and ordered Respondent to show cause by no later than February 24, 2023 for why the subpoena should not be enforced. ECF 5. The Court stated that Respondent had forfeited its right to challenge the subpoena under 29 C.F.R. § 1601.16(b)(1) and failed to present a basis for not enforcing the subpoena. *Id.* at 53–54 ("[T]he charge at issue is valid and the EEOC was authorized to investigate it."). The Court also concluded that "the material requested in the subpoena is relevant to the charge" because the hiring information requested "might cast light on the allegations Wells brought against Respondent." *Id.* at 55. Last, the Court concluded that "no evidence suggests the subpoena was issued for an illegitimate purpose." *Id.* at 56. Respondent filed a response to the show cause order and argued that the EEOC could not show that the information requested in the

3

subpoena was relevant to the charges brought by Wells, ECF 7, PgID 75–79, and that gathering in the information sought would be unduly burdensome, *id.* at 80–82.

## LEGAL STANDARD

"A subpoena enforcement proceeding is a summary process designed to decide expeditiously whether a subpoena should be enforced." *E.E.O.C. v. United Parcel Serv., Inc.*, 859 F.3d 375, 378 (6th Cir. 2017) (quotation omitted). In reviewing a subpoena enforcement application, a court must "satisfy itself (1) that the charge is valid, (2) that the material requested is relevant to the charge . . . and, (3) more generally, to assess any contentions by the employer that the demand for information is too indefinite or has been made for an illegitimate purpose." *Univ. of Pa. v. E.E.O.C.*, 493 U.S. 182, 191 (1990) (alterations omitted).

## DISCUSSION

Respondent made three arguments in its response to the show cause order. First, Respondent argued that it had not forfeited the right to challenge the subpoena because the EEOC had inadvertently served the subpoena on Ferrellgas, Inc., rather than Respondent Ferrellgas, L.P. ECF 7, PgID 67, 73. Second, Respondent contended that the EEOC could not show that the information requested in the subpoena was relevant to the charges brought by Wells, especially given the specific information already provided by Respondent. *Id.* at 75–79. Third, Respondent claimed that enforcing the subpoena would unduly burden Respondent's staff. *Id.* at 80–82. The Court will address the three arguments in turn.

4

I. <u>Ferrellgas Entity</u>

Respondent argued that it was never served with the subpoena because the subpoena was incorrectly addressed to Ferrellgas, Inc., rather than Ferrellgas, LP. *Id.* at 67. And, argued Respondent, because 29 C.F.R. § 1601.16(b)(1) applies only to parties that have been served with a subpoena, Respondent did not forfeit its right to challenge the subpoena. *Id.* Respondent also submitted an affidavit by one of its employees clarifying that Ferrellgas, Inc., is the sole general partner of Ferrellgas, LP. ECF 7-14, PgID 153.

Respondent is correct that two of the information requests in the present case were addressed to Ferrellgas, Inc., rather than Ferrellgas, LP. ECF 7-4, PgID 95; ECF 7-8, PgID 114. But the docket lists Ferrellgas, LP, as Respondent. And Wells filed her initial charge of discrimination against Ferrellgas, LP. ECF 7-2, PgID 86. What is more, the Court's order granting the application for an order to show cause lists Ferrellgas, LP as Respondent. ECF 5. Plus, both requests for information list "Ferrell Gas Partners, LP" as the "Respondent." ECF 7-4, PgID 96; ECF 7-8, PgID 115. The evidence thus suggests, if anything, that the two letters addressed to Ferrellgas, Inc. contained clerical errors. Overall, the Court's finding that Respondent forfeited its right to challenge the subpoena under 29 C.F.R. § 1601.16(b)(1) remains unchanged.

II. <u>Relevance</u>

Relevance, for purposes of information requested in an EEOC subpoena, is broadly defined. *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 68–69 (1984) ("Since the

5

enactment of Title VII, courts have generously construed the term 'relevant.'"). Indeed, courts "have afforded the Commission access to *virtually any material* that *might* cast light on the allegations against the employer." *Id.* (emphasis added) (footnote omitted).

The information requested by the EEOC is relevant to the allegations in the charge. The charge alleged race and sex discrimination in the hiring process, the wages Wells was paid, and the termination process. ECF 7-2, PgID 86. And the subpoena requested information about all driving position applicants since January 1, 2019 at the Belleville location and other Ferrellgas locations. ECF 2-7, PgID 39. Simply put, that information is relevant to the charge because it could "provide[] context for determining whether discrimination has taken place." *E.E.O.C. v. Roadway Express, Inc.*, 261 F.3d 634, 639 (6th Cir. 2001) (citation omitted) (holding that a request for information about patterns of alleged discrimination in employment processes was relevant to the charge of discriminatory hiring). Indeed, information about applicants for positions Wells applied for in Wells's region is directly relevant to the allegations she lodged in her charge with the EEOC. *Compare* ECF 27, PgID 39, *with* ECF 7-2, PgID 86.

Respondent argued that "[c]ollecting extensive information about every applicant at positions outside of where Wells worked tells the EEOC nothing about Ferrellgas, Inc.'s compliance with Title VII, especially in light of the more focused information the EEOC already possesses." ECF 7, PgID 79. To be sure, Respondent has provided hiring information to the EEOC. For example, Respondent has provided

information about all individuals employed at Respondent's Belleville location over the last three years, information about all individuals who applied for a job at the Belleville location over the last three years, information about Respondent's compensation policy, and background check reports and pay rates for all drivers hired within the last three years. ECF 7-5, PgID 99–101; ECF 7-10, PgID 126–32. But that disclosure does not diminish the relevance of the additional information requested the subpoena.

III. Undue Burden

Last, Respondent argued that enforcing the subpoena would impose an "undue burden" on Respondent. ECF 7, PgID 80. "Courts will not find undue burden in an action to enforce an EEOC subpoena unless compliance would threaten to disrupt unduly or seriously hinder the normal operations of an employer's business." *E.E.O.C. v. Roadway Express, Inc.*, 75 F. Supp. 2d 767, 772 (N.D. Ohio 1999) (citations omitted), *aff'd*, 261 F.3d 634 (6th Cir. 2001). "The cost of compliance is no defense to enforcement of a subpoena unless it is unduly burdensome in light of the company's normal operating costs." *Id.* (quotation marks and quotation omitted). Respondent has the duty of showing that compliance with the subpoena would cause an undue burden. *Id.* (citation omitted).

Respondent claimed that "compliance with the subpoena would [] take two weeks of one full-time employee's time" and "would be in excess of normal operating costs and present a great burden." ECF 7, PgID 81. Respondent also claimed that "the number of applicants covered by th[e] subpoena is in the hundreds." *Id.* at 80. And

information about those applicants was stored in multiple, separate databases. *Id.* Given that the information sought had only "limited apparent[] usefulness," Respondent contended, the request was "overly burdensome." *Id.* at 82.

But Respondent failed to provide an estimate of how complying with the subpoena would impact its normal daily operations. *See id.* at 80–82. Without that information, the Court cannot determine whether "compliance would threaten to disrupt unduly or seriously hinder the normal operations of an employer's business." *See* ECF 7, PgID 80–82; *Roadway Express, Inc.*, 75 F. Supp. at 772 ("[Respondent] has simply made a broad allegation that it will have to spend extensive time and money."). The Court therefore cannot determine whether compliance with the subpoena would be "unduly burdensome in light of the company's normal operating costs." *Roadway Express, Inc.*, 75 F. Supp. at 772 (quotation marks and quotation omitted).

Respondent relied on *E.E.O.C. v. St. John Hosp. & Med. Ctr.*, No. 12-50225, 2012 WL 3887626, at *8 (E.D. Mich. June 1, 2012), to argue that it was "excessive" to require compliance with the subpoena because of the amount of work the employees of Respondent would need to complete to comply with the subpoena. ECF 7, PgID 81–82. But that case involved six weeks of data gathering in a hospital setting by multiple employees. *St. John Hosp. & Med. Ctr.*, 2012 WL 3887626, at *7–8. In contrast, Respondent estimated that complying with the present subpoena would require only two weeks of one employee's time. ECF 7, PgID 81. Respondent's comparison fails, and the Court will enforce the subpoena.

8

**WHEREFORE**, it is hereby **ORDERED** that Respondent must **COMPLY** with the subpoena.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 10, 2023